IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| LAMAR McGURN | : | NO. 05-598-12 |

**MEMORANDUM**

Baylson, J.                                                                                              July 18, 2007

Prior to the sentencing of the Defendant on June 28, 2007, the Court denied the Defendant's post-trial motions for judgment of acquittal, and in the alternative, for a new trial (Doc. No. 447).

The Defendant was indicted in connection with other Defendants in a wide-ranging indictment charging various drug offenses. However, the Defendant and Sherrod Robinson only were charged with a separate conspiracy to distribute 500 grams or more of cocaine in violation of 28 U.S.C. § 846. Robinson pleaded guilty and testified at trial.

I.   **Motion for Judgment of Acquittal**

The Court finds that the evidence was sufficient to support the verdict. Sherrod Robinson testified under oath of his dealings with McGurn, often in coded language, resulting in transactions between them. In one instance, Robinson instructed McGurn to purchase a can of acetone so that Robinson could "re-rock" the cocaine that he was about to sell McGurn, and police shortly thereafter observed McGurn purchasing acetone in a Home Depot store.

McGurn's motion also notes an alleged inconsistency between the guilty verdict as to McGurn and the not guilty verdict as to Anderson. However, the evidence against each of these Defendants was substantially different, and as noted above, they were charged in different conspiracies. Furthermore, inconsistencies in verdicts is not grounds for post-trial relief. The evidence was sufficient to show that McGurn agreed with Robinson to transact illegal drug sales, with corroborating evidence, and the Court finds that the evidence was sufficient to support the verdict.

## II. Motion for New Trial

Initially, Defendant asserts that the joinder of him as a Defendant with the other Defendants was unfair and prejudicial. The Court rejects this assertion. The conspiracy in which McGurn was charged, together with Robinson, was related to the larger conspiracy also charged in the same indictment, in which Robinson was also an alleged participant. Robinson plead guilty to participating in both the overall conspiracy with others, as charged in the indictment, and also to the conspiracy with McGurn.

Under these circumstances, joinder was not improper under Third Circuit law. Defendant does not cite any case precedent that warrants a new trial based on the improper joinder and recognizes under United States v. Jackson, 649 F.2d 967, 973 (3d Cir. 1981) that severance is the exception and not the rule in conspiracy cases. It was not difficult for the jury to separate the evidence against McGurn from the evidence against the other Defendants. In fact, one of the Defendants at the trial, George Anderson, was acquitted of participation in the overall conspiracy.

Lastly, McGurn argues that the interest of justice require a new trial. He does not allege

any specific error in the conduct of the trial.  The Court finds that Defendant McGurn had a fair trial in all respects.

          BY THE COURT:

          s/Michael M. Baylson

          Michael M. Baylson, U.S.D.J.

O:\Criminal Cases\05-598 Harris, US v\McGurn 05-598-12 Memo D's Post-trial motion.wpd