**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| LAMAR McGURN | : | NO. 05-598-12 |

**MEMORANDUM**

**Baylson, J.**                                                                                September 30, 2010

**I. Background**

On March 22, 2006, a grand jury in the Eastern District of Pennsylvania returned a 21-count superseding indictment naming Defendant Lamar McGurn ("Mcgurn") and twelve others. McGurn was charged with one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count 20). On March 14, 2007, McGurn and two other Defendants proceeded to trial. At the conclusion of a ten-day jury trial, McGurn was convicted.

On July 3, 2007, the District Court sentenced McGurn to 360 months' imprisonment, eight years' supervised release, a $5,000 fine, and a $100 special assessment. McGurn was sentenced as a career offender based upon his prior convictions for murder and possession with intent to distribute cocaine. McGurn appealed his conviction and sentence.

On February 3, 2009, the Court of Appeals affirmed the judgment of the District Court. On April 6, 2009, the United States Supreme Court denied certiorari. On April 8, 2010, McGurn filed a habeas corpus Motion pursuant to 28 U.S.C. § 2255.[1] On May 5, 2010, McGurn filed an

---

[1] According to the verification filed with his Petition to Vacate, McGurn mailed his Petition on March 31, 2010.

Amended Petition pursuant to 28 U.S.C. §2255.

McGurn's Petition for post-conviction relief asserts ineffectiveness of counsel with several sub-arguments as follows:

1. Failing to oppose the government's changing of the drug quantity specified in the indictment.

2. Failing to move to dismiss on grounds of prosecutorial vindictiveness.

3. Failing to challenge prior convictions as qualifying predicates for sentencing enhancements.

4. Counsel misadvising Defendant about a plea offer.

## II. Legal Standard

The leading case for this claim is Strickland v. Washington, 466 U.S. 668, 687 (1984) holding:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not function as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

The defendant bears the heavy burden of overcoming the "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Id. at 689. In addition, the defendant must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Third Circuit has stressed that the second part of the Strickland test should be addressed first. See, McAleese v. Mazurkiewicz, 1 F.3d 159 (3d Ci.), cert denied, 510 U.S. 1028

(1993); United States v. Fulford, 825 F.2d 3 (3d Cir. 1987), McNeil v. Cuyler, 782. F.2d 443 (3d Cir.) cert denied, 479 U.S. 110 (1986).

### III.     Underlying Facts of the Case

This trial concerned a drug organization referred to in the indictment and by prosecutors as the Harris Organization, which operated in the City of Chester, Pennsylvania from January 1999 through September 2005, distributing cocaine in Chester and the surrounding area. Defendant McGurn was tried with two other individuals, James Whitted and George Anderson. The jury convicted Whitted and McGurn, but acquitted Anderson.

There was extensive testimony from police officers and cooperating witnesses, including Sherrod Robinson, a co-Defendant and admitted co-conspirator of McGurn's, that McGurn entered into extensive cocaine dealings with Robinson. Robinson estimated that he sold McGurn three kilograms of cocaine in a one year period between October 2004 and September 2005. McGurn's lengthy sentence resulted from a finding that he was a career offender, and the Third Circuit, in affirming McGurn's conviction and sentence, specifically upheld the validity of the sentence.

The government has attached to its brief a verified statement by McGurn's trial counsel, Andrew F. Erba, Esquire, attesting that he had advised McGurn of his options and the consequences of exercising each option. He specifically denies McGurn's allegation that a sentencing offer was made by the government in this case. Mr. Erba states that McGurn was aware of the mandatory minimum that would apply in this case because of McGurn's prior criminal record, and that he explained to McGurn the benefits and risks inherent to different options, but McGurn made the final decisions.

Applying the second prong of the <u>Strickland</u> standard, the record is clear that the evidence against McGurn was overwhelming and that the alleged errors by counsel, assuming they occurred, and had been remedied, would not have led to any different verdict. In other words, it is not possible to make any finding of prejudice from the allegations of ineffective counsel. Even if counsel had been thoroughly competent and had done everything McGurn now claims should have been done, the verdict would not have been different in this case.

Specifically, there was no error or prejudice to McGurn by the government, even though the indictment charged McGurn with conspiracy to sell five kilograms or more of cocaine, the government at trial advising that it would only pursue a conviction for the Defendant distributing more than 500 grams of cocaine.

The Defendant's assertion that this was a "constructive amendment" of the indictment is unfounded in the law. There is nothing to prevent the government from proceeding to trial by reducing the allegation, in an indictment charging drug sales, to a lesser volume of drugs. The Defendant may have had a more valid argument if the government had attempted to increase the volume of drugs sold from what was alleged in the indictment, but that is not present in this case. The Defendant suffered no prejudice from the government's trial assertion that the Defendant was responsible for selling 500 grams or more of cocaine, and that is specifically what was submitted to the jury and what the jury found. <u>See</u> N.T. 3/20/07 at p. 7.

Inasmuch as the Third Circuit specifically affirmed the appropriateness of the sentence imposed by this Court, Defendant has a huge burden, which he has not met, to show that there was any ineffectiveness of counsel with regard to anything that happened at the sentencing. There was no basis in law for Mr. Erba to challenge the use of McGurn's prior conviction as sentencing

information.  No defense counsel could have succeeded in preventing their use in sentencing.

The Court cannot credit the claim of ineffective assistance of counsel for not challenging prior convictions as qualifying predicates for sentencing enhancements.  Defendant's criminal record played no part in the trial of this case leading up to Defendant's conviction.  When the presentence report was completed, Defendant's prior record was disclosed and the Probation Officer preparing the presentence report, counsel, and the Court were required to take it into account in imposing sentence.  This also cannot be grounds for post-conviction relief.

The Court was obligated to consider McGurn's prior convictions, regardless of the prosecutor's state of mind.  There is no evidence in the record whatsoever of prosecutorial vindictiveness.

The last ground, concerning an allegation that counsel misadvised Defendant about a plea offer, similarly cannot lead to relief.  The Defendant had no right to have any particular kind of plea agreement presented to him, and could have made an open plea of guilty to the indictment.  There is no showing, in view of the Defendant's criminal record, that Defendant's sentence would have been any different if he had pleaded guilty.  In any event, that is a risk that the Defendant took and cannot be the basis of the belated claim of ineffective assistance of counsel.

Whether there were plea negotiations is irrelevant in determining whether counsel was effective or ineffective.  It appears that the government did send Mr. Erba a proposed plea agreement, but it was obviously not agreed to by the Defendant.  In any event, the Court would not have been bound by the plea agreement, particularly when the Defendant did not plead.  Defendant obviously elected to plead not guilty and go to trial, and he was convicted.  Assuming the government took a hard position in any plea negotiations, that is the government's privilege,

and Defendant is not entitled to post-conviction relief because of that fact. No basis is presented to allow an inference of ineffective counsel. Defendant attempting to characterize the government's position as "prosecutorial vindictiveness" does not turn a meritless allegation into a claim that warrants relief or even requires an evidentiary hearing.

The Court has determined that an evidentiary hearing is not required.

In United States v. Lilly, 536 F.3d 190 (2008), the court held as follows:

> While the District Court has discretion to conduct an evidentiary hearing on a § 2255 claim, exercise of that discretion has been constrained by our case law. See id. "The District Court is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled relief.'" Id. (quoting Gov't of Virgin Islands v. Forte, 856 F.2d 59, 62 (3d Cir. 1989)). This is not a high for habeas petitioners to meet. See id. Moreover, "[i]n considering a motion to vacate a defendant's sentence, 'the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" Id. (quoting Forte, 856 F.2d at 62).
>
> With this in mind, the District Court's decision not to hold an evidentiary hearing will be an abuse of discretion unless it can be conclusively shown that Lilly cannot make out a claim for ineffective assistance of counsel.

McGurn has filed a "Traverse" or a reply brief, but this contains nothing new or any facts or argument that warrant relief. Although McGurn has characterized his claim for ineffective counsel, in reality he complains about the government's conduct, which was entirely proper at all times. Defense counsel was not in a position to change the government's strategy. Mr. Erba was prepared, competent and did his best. Defendant received a fair trial.

Defendant has not presented any grounds for a certificate of appealability, and Defendant's request for such a certificate is denied because there is no substantive ground for relief and there is no showing that any reasonable jurist would find this Court's assessment of the constitutional claims debatable or wrong.

An appropriate Order follows.

O:\Criminal Cases\05-598 Harris, US v\McGurn 05-598-12 Memo 2255 Petition.wpd