IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| LAMAR MCGURN, a/k/a "Alymar" | : | NO. 05-598-12 |

### MEMORANDUM

**Baylson, J.**                                                                                     November 21, 2016

      The Defendant has filed a motion for relief, pursuant to 28 U.S.C. § 2255, arising out of his conviction for narcotics offenses. Although the Defendant was originally given a Guideline sentence of 360 months' imprisonment, as a result of an earlier § 2255 motion, his original sentence was vacated and he was resentenced on May 14, 2015 to 240 months' imprisonment, plus supervised release and a fine.

      On September 21, 2016, Defendant filed the present motion seeking relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government has moved to dismiss the petition for two reasons. First, this a "second or successive" petition which is barred without Defendant securing permission from the Third Circuit Court of Appeals. Second, the *Johnson* decision arises out of a conviction of the Armed Career Criminal Act, which does not at all apply to this Defendant.

      Defendant argues in his reply brief that the fact that he is now serving a sentence under a second Judgment and Commitment Order gives him a new right to file a § 2255 petition, and therefore this is not a "second or successive" petition. The Court rejects this argument. The second sentence arises out of the same conviction as the first sentence. Defendant received the

new sentence because this Court found that he was not properly advised by his trial counsel and therefore was entitled to a new sentencing procedure.

Defendant contends that he is entitled to reconsideration of his sentence under *Johnson*. This Court disagrees because Defendant's case was not brought under the Armed Career Criminal Act, and nothing decided in *Johnson* impacts on the sentence that the Defendant received.

Defendant argues that the Supreme Court has granted *certiorari* in *Beckles v. United States*, No. 15-8544 as to whether the application of *Johnson* to the career offender guideline would warrant Defendant receiving benefits and possibly a lower sentence. Defendant was characterized as a "career offender" under the Sentencing Guidelines. This Court, of course, does not know what the Supreme Court will rule in the *Beckles* case, but Defendant is not entitled to any relief at this time and has not cited any case warranting relief.

If the Supreme Court were to rule in *Beckles* in a manner that would benefit Defendant, the Court may have jurisdiction to consider a new petition at that time.

O:\Criminal Cases\05-598-12 mcgurn\05-598 Memorandum re Def's Motion for Relief 2255.docx